UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Universitas Education, LLC (judgment creditor), <br><br>     Plaintiff, <br><br> v. <br><br> Nova Group, Inc., as Trustee, Sponsor and fiduciary of the Charter Oak Trust (judgment debtor), <br><br>     Defendants. | Case No. CIV-13-523-M <br><br> (U.S.D.C., S.D.N.Y. Case No. 11-1509-LTS HBP) |

**MOTION TO QUASH SUBPOENA DUCES TECUM ISSUED TO
H. THOMAS MORAN, MORAN/ASG HOLDINGS LLC AND ASSET
SERVICING GROUP, LLC AND BRIEF IN SUPPORT**

Pursuant to Federal Rule of Civil Procedure 45(c)(3)(A)(iii) and 45(c)(3)(A)(iv), Avon Capital, LLC ("Avon"), moves the Court to quash the Subpoena *Duces Tecum* issued to H. Thomas Moran, Moran/ASG Holdings, LLC and Asset Servicing Group, LLC, (collectively "'Moran and ASG") concerning an entity known as SDM Holdings, LLC ("SDM") that was issued from this Court pursuant to Case no. 11-1509-LTS HBP, United States District Court, Southern District of New York, attached hereto as Exhibit "1".

*A. Introduction and brief overview*

This Subpoena was issued pursuant to a collection action filed in the above-referenced case in the United States District Court for the Southern District of New York. Avon was not a party to the New York action and could never have been. Plaintiffs in that action have served an extremely broad-based Subpoena *Duces Tecum* on Moran and

ASG in what appears to be a collection effort but in reality is simply harassment of Avon as well as the Moran and ASG parties that had nothing to do with the underlying New York action. Moran and ASG purchased certain life insurance policies in a bankruptcy proceeding that became the property of SDM, and then subsequently Avon purchased those policies from Moran and ASG as part of the SDM estate. None of these policies are even arguably related to the underlying litigation or collection efforts between Universitas and Nova Group. (Exhibit "2", Affidavit of Dan Carpenter). These insurance contracts are not the property of the Defendant debtor, Nova Group, and have nothing to do with the underlying litigation between Universitas and Nova Group. Moreover, neither SDM nor Avon owe anything to Nova Group, which is the only entity that Universitas has a judgment or a claim against. Finally, the transaction between Avon and Moran/ASG concerning the SDM life insurance policies involves confidential and proprietary business information concerning the SDM policies, and also constitutes confidential and proprietary business information for both Avon and Moran/ASG.

## B. Argument and Authority

### 1. The Subpoena constitutes undue burden and harassment

As the Court can plainly see, the Subpoena requests an extremely wide variety of documents regarding a number of different companies, including Avon and SDM. As mentioned above, while Avon is not a party to the underlying litigation or Subpoena itself, it is an interested party as per Rule 45(c), as Plaintiff is seeking information from Moran and ASG relative to its business dealings with Avon and the only transaction involving Avon was the purchase of SDM and the SDM policies from Moran and ASG.

After that acquisition by Moran and ASG of the SDM policies in certain bankruptcy proceedings, Avon then purchased these policies from Moran/ASG. It is believed that Plaintiffs understand this, but are nevertheless pursuing this Subpoena (and that such needless harassment is actually the only purpose of the Subpoena). The provisions of Rule 45(3)(iv) operate to protect Avon as well as SDM, Moran and ASG in this situation, and the Subpoena should be accordingly quashed.

**2. The Subpoena seeks information which should be kept confidential and protected as a business secret**

As mentioned above, what Moran/ASG has that relates to Avon has to do with the purchase by Avon of certain life insurance policies Moran/ASG had purchased previously in a bankruptcy transaction through SDM. Those contracts, documents, and especially the insurance policies with full health information on hundreds of innocent individuals are sensitive business information and as such need protection. 78 O.S §90 provides as follows, in relevant part:

> In an action brought pursuant to the provisions of the Uniform Trade Secrets Act, a court shall preserve the secrecy of an alleged trade secret by reasonable means, which may include granting protective orders in connection with discovery proceedings…holding in-camera hearings, sealing the records of the action, and ordering any person involved in the litigation not to disclose an alleged trade secret without prior court approval.

The Avon purchase of the SDM policies is certainly a confidential business transaction that should be protected from the Universitas "fishing" expedition. And, since the only assets SDM have are hundreds of insurance policies on totally innocent and uninvolved people, this transaction should also be protected by the Health Insurance

Portability and Accountability Act ("HIPAA").

### 3. Conclusion

In sum, the Subpoena must be quashed because it is solely for harassment purposes. There is nothing that Moran/ASG has that is relevant to any collection efforts in the underlying Universitas litigation, because all Moran/ASG has is the purchase contracts regarding its sale of the SDM life insurance policies to Avon after Moran/ASG had purchased the policies in a bankruptcy proceeding. No assets of Nova Group, the defendant in the underlying litigation, are involved with Avon, SDM, or Moran and ASG. Other than the SDM transaction with Avon, Moran and ASG have nothing else to talk about relevant to the Subpoena.

In addition, the information sought is in the nature of a business secret as it involves a business transaction that should be protected from dissemination and private individual health information that is protected under HIPAA.

For these reasons, Avon respectfully moves that the Court quash the Subpoena *Duces Tecum* issued to Moran/ASG.

Respectfully submitted,

*s/Jeffrey A. Curran*
Jeffrey A. Curran, OBA #12255
Leslie L. Lynch, OBA# 015124
GABLEGOTWALS
211 N. Robinson, 15th Floor
Oklahoma City, Oklahoma  73102
(405) 235-5500
(405) 235-2875 fax
jcurran@gablelaw.com
*Attorneys for Avon Capital, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of May, 2013, I served the foregoing document on the following counsel of record in the underlying action:

>Michael Barnett
>Loeb & Loeb LLP
>345 Park Avenue, 18th Floor
>New York, New York  10154
>mbarnett@loeb.com


>*s/ Jeffrey A. Curran*