AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Oklahoma

| | |
|---|---|
| Universitas Education, LLC (judgment creditor) ) | |
| _Plaintiff_ ) | Civil Action No. 11-1590-LTS-HBP |
| v. ) | |
| Nova Group, Inc. as trustee, sponsor and fiduciary of ) | (If the action is pending in another district, state where: |
| the Charter Oak Trust (judgment debtor) ) | Southern District of New York ) |
| _Defendant_ ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: H. Thomas Moran, SDM Holdings, LLC and Asset Servicing Group, LLC
521 W. Wilshire Blvd. #200 Oklahoma City, OK 73116

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: Please see Schedule A attached.

| Place: Hartzog Conger Cason and Neville<br>201 Robert S. Kerr Avenue<br>Oklahoma City, OK 73102 | Date and Time:<br><br>05/31/2013 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 04/15/2013

_CLERK OF COURT_    OR    [signature]

_Signature of Clerk or Deputy Clerk_    _Attorney's signature_

The name, address, e-mail, and telephone number of the attorney representing _(name of party)_
Universitas Education, LLC (judgment creditor), who issues or requests this subpoena, are:
Michael Barnett (MB-7686), Loeb & Loeb LLP, 345 Park Avenue, 18th Floor, New York, NY 10154
212-407-4163; mbarnett@loeb.com

Civil Action No. 11-1590-LTS-HBP

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____.

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# SCHEDULE A

## Definitions and Instructions

A. Unless otherwise noted, each document request covers the time period of January 1, 2010 to the present.

B. "You" and "your" shall refer to H. Thomas Moran, SDM Holdings, LLC and/or Asset Servicing Group, LLC, as well as each of their subsidiaries, portfolio companies, sister entities, affiliated companies, affiliates, agents, predecessors in interest, successors in interest, directors, officers, employees, representatives, nominees, members and managers.

C. These requests apply to all documents within your possession, custody or control, regardless of whether such documents and/or information are held by you or your current or former predecessors in interest, successors in interest, companies, corporations, entities, affiliates, designees, agents, managers, advisers, employees, representatives, attorneys, custodians and/or nominees.

D. These document requests incorporate the Uniform Definitions set out in Local Civil Rule 26.3 of the United States District Court for the Southern District of New York.

E. "Nova Group, Inc." and "Nova Group" refer to a corporation that has a business address at 100 Grist Mill Road, Simsbury, Connecticut and may bear the federal Tax Identification Number 81-0607866.

F. "Charter Oak Trust" refers to the Charter Oak Trust Welfare Benefit Plan, which may bear the federal Tax Identification Number 20-6225830.

G. "Avon Capital" refers to any company called Avon Capital, LLC that has a business address at 100 Grist Mill Road, Simsbury, Connecticut.

H. "Grist Mill Capital" refers to any company called Grist Mill Capital, LLC that has a business address at 100 Grist Mill Road, Simsbury, Connecticut.

## Document Requests

1. Copies of all insurance policies that are/were owned, directly, indirectly or beneficially, in whole or in part, by SDM Holdings, LLC, Nova Group, Grist Mill Capital, Avon Capital, the Charter Oak Trust, the Charter Oak Trust 2009, the Avon Insurance Trust, the Avon Insurance Welfare Benefit Plan, the Grist Mill Trust, Donald J. Trudeau, Andrew Terrell, any other entity or individual with an address of 100 Grist Mill Road in Simsbury, Connecticut,

and/or any other entity or individual with an address of 300 First Stamford Place, Suite 201 in Stamford, Connecticut.

2. Copies of all insurance policies for which one or more of the following is or was a beneficiary, or has or had a beneficial interest at any point in time:

- SDM Holdings, LLC;
- Nova Group;
- Grist Mill Capital;
- Avon Capital;
- Charter Oak Trust;
- Charter Oak Trust 2009;
- Avon Insurance Trust;
- Avon Insurance Welfare Benefit Plan;
- Grist Mill Trust;
- Donald J. Trudeau;
- Andrew Terrell;
- Any other entity or individual with an address of 100 Grist Mill Road in Simsbury, Connecticut;
- Any other entity or individual with an address of 300 First Stamford Place, Suite 201 in Stamford, Connecticut.

3. Copies of any valuations of any insurance policy requested in document requests 1 and 2 set forth above.

4. Documents and communications sufficient to identify the present owner(s) of any insurance policy requested in document requests 1 and 2 set forth above.

5. Documents and communications sufficient to show all payments made in relation to insurance policies that are owned, or were owned, directly, indirectly or beneficially, in whole or in part, by Nova Group, Grist Mill Capital, Avon Capital, the Charter Oak Trust, the Charter Oak Trust 2009, the Avon Insurance Trust, the Avon Insurance Welfare Benefit Plan, the Grist Mill Trust, Donald J. Trudeau, Andrew Terrell, any other entity or individual with an address of 100 Grist Mill Road in Simsbury, Connecticut, and/or any other entity or individual with an address of 300 First Stamford Place, Suite 201 in Stamford, Connecticut.

6. Documents and communications sufficient to show all payments made in relation to insurance policies for which one or more of the following is or was a beneficiary, or has or had a beneficial interest:

- Nova Group;
- Grist Mill Capital;
- Avon Capital;
- Charter Oak Trust;
- Charter Oak Trust 2009;
- Avon Insurance Trust;
- Avon Insurance Welfare Benefit Plan;
- Grist Mill Trust;
- Donald J. Trudeau;
- Andrew Terrell;
- Any other entity or individual with a listed address of 100 Grist Mill Road in Simsbury, Connecticut;
- Any other entity or individual with an address of 300 First Stamford Place, Suite 201 in Stamford, Connecticut.

7. Documents and communications sufficient to identify the present owners, officers, directors and managers of SDM Holdings, LLC.

8. All documents evidencing and/or explaining investments of or distributions from the Charter Oak Trust or the Charter Oak Trust 2009, including without limitation, cash, insurance policies, or other property or assets.

9. All documents evidencing, discussing and/or concerning payments between you, on the one hand, and Nova Group, Grist Mill Capital, Avon Capital, the Charter Oak Trust, the Charter Oak Trust 2009, the Avon Insurance Trust, the Avon Insurance Welfare Benefit Plan, the Grist Mill Trust, Daniel E. Carpenter, Donald J. Trudeau, Andrew Terrell, any other entity or individual with an address of 100 Grist Mill Road in Simsbury, Connecticut and/or any other entity or individual with an address of 300 First Stamford Place, Suite 201 in Stamford, Connecticut, on the other hand.

10. Copies of all contracts, agreements and documents reflecting understandings or obligations:

   A. Between or by the **Charter Oak Trust** and any other individual or entity, including you;

   B. Between or by the **Charter Oak Trust 2009** and any other individual or entity, including you;

C. Between or by <u>Nova Group</u> and any other individual or entity, including you;

D. Between or by <u>Grist Mill Capital</u> and any other individual or entity, including you;

E. Between or by the <u>Grist Mill Trust</u> and any other individual or entity, including you;

F. Between or by <u>Avon Capital</u> and any other individual or entity, including you;

G. Between or by the <u>Avon Insurance Trust</u> and any other individual or entity, including you;

H. Between or by the <u>Avon Insurance Welfare Benefit Plan</u> and any other individual or entity, including you;

I. Between or by <u>Donald J. Trudeau</u> and any other individual or entity, including you; and

J. Between or by <u>Andrew Terrell</u> and any other individual or entity, including you.